**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JaMarlin Fowler,<br><br>            Plaintiff,<br><br>v.<br><br>Sprint Solutions Incorporated,<br><br>           Defendant. | No. CV-20-01516-PHX-DJH<br><br>**ORDER** |

Pending before the Court are *pro se* Plaintiff JaMarlin Fowler's Motion for Sanctions (Doc. 42)[1] and Defendant Sprint Solutions, Inc.'s ("Sprint") Motion to Compel Arbitration or to Dismiss (Doc. 52). Each matter is fully briefed,[2] and the Court now issues its decision.

**I.    Background**

Plaintiff filed his original Complaint with the Court on July 30, 2020, alleging, in part, that T-Mobile had unlawfully obtained and accessed Plaintiff's phones in 2015 and 2017. (Doc. 1). By prior Order, the Court dismissed the Complaint and the Defendants whom Plaintiff had originally named: T-Mobile, the Federal Trade Commission, the Federal Communications Commission, the State of Arizona, and the State of California.

---

[1] Plaintiff requests oral argument on this matter. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. Therefore, the Court will deny the requests for oral argument. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

[2] Defendant filed a Response in Opposition (Doc. 48) to Plaintiff's Motion for Sanctions, and Plaintiff filed a Reply (Doc. 51). Likewise, Plaintiff filed a Response in Opposition (Doc. 56) to Sprint's Motion to Compel, and Sprint filed a Reply (Doc. 57).

(Doc. 39). The Court specifically dismissed T-Mobile for lack of personal jurisdiction because the allegations of wrongdoing arose from Sprint's conduct, which was not a named party in the original Complaint. (*Id.* at 12–13). Although Sprint is currently a subsidiary of T-Mobile, the two entities did not join until a 2020 merger, well after the events giving rise to Plaintiff's claims. (*Id.*) "T-Mobile was therefore not the corporate entity engaging with Plaintiff, and Plaintiff does not allege as much." (*Id.*)

Plaintiff has since filed a First Amended Complaint ("FAC") solely against Sprint. (Doc. 40). The FAC brings four claims, all of which arise from Sprint's allegedly illegal acquisition of two phones belonging to Plaintiff. (*Id.* at 16–27). Although Plaintiff appears to seek damages for his alleged injuries, the FAC does not request a specific amount. (*Id.* at 28–29). Sprint argues this matter should be arbitrated pursuant to its cell phone service agreement with Plaintiff (the "Agreement"), or, in the alternative, dismissed for failing to state a claim. (Doc. 52). Plaintiff disputes whether the Agreement covers this dispute and seeks sanctions against Sprint's counsel, who also served as T-Mobile's counsel, for failing to disclose earlier that Sprint was the proper party. (Doc. 42).

The Court will address Plaintiff's Motion for Sanctions first.

**II.   Motion for Sanctions**

Plaintiff brings his Motion for Sanctions against Michael Gray, and argues he violated Federal Rule of Civil Procedure 11(b)(1) by failing to inform Plaintiff that Sprint was the proper party before T-Mobile filed its Motion to Dismiss that claimed it was the improper party. (Doc. 42 at 10). If he had known that Sprint was the proper party, Plaintiff claims he would have readily amended his Complaint. (*Id.* at 12). For relief, Plaintiff requests (1) that the Court strike pleadings filed by Mr. Gray related to T-Mobile's Motion to Dismiss, (2) that the Court equitably toll the statute of limitations on his claims for the delay Mr. Gray is claimed to have caused in this matter, and (3) any other relief the Court deems proper. (*Id.* at 14).

Rule 11 requires every pleading to be signed by at least one attorney of record. In doing so, the attorney represents that the filing is not being made "for any improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Plaintiff claims Mr. Gray violated Local Rule 12.1(c), which requires parties to meet and confer prior to filing a motion to dismiss for failure to state a claim so that a party, if possible, may cure any defect in its pleadings. Mr. Gray avers that he conducted a phone call with Plaintiff on August 25, 2020, and Mr. Gray told Plaintiff T-Mobile was the wrong entity. (Doc. 49 at 3). Mr. Gray also avers he was not aware that Plaintiff was under the impression that Sprint no longer existed. (*Id.*)

The Court finds there is insufficient evidence to determine that Mr. Gray has violated Rule 11(b). Mr. Gray avers he told Plaintiff T-Mobile was an improper party, and Plaintiff argues Mr. Gray should have said who the proper party was. Although proceedings may have been delayed due to Plaintiff naming an improper party, it does not necessarily follow that Mr. Gray intended this result. Therefore, the Court denies Plaintiff's Motion for Sanctions.

### III.    **Motion to Compel**

The Court now moves to Sprint's Motion to Compel Arbitration. The Federal Arbitration Act ("FAA") codified "the liberal federal policy favoring arbitration . . . ." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). It states "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When presented with a motion to compel

arbitration, a court's review is limited to determining (1) whether the agreement is valid and (2) whether the agreement encompasses the dispute. *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2011). In addressing these issues, courts are required to adopt a rule of contract construction favoring arbitration. *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996), *as amended* (July 5, 1996). In addition, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). If a valid agreement exists encompassing the dispute, then courts are called to "rigorously enforce" the arbitration agreement. *Id.* (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985). In addition, if a court enforces an arbitration agreement, courts "may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).

Plaintiff does not dispute that the Agreement between Sprint and him is valid. (Doc. 56 at 4). However, he does dispute whether the Agreement encompasses this dispute. (*Id.*) Here, the Agreement at issue states that "[i]nstead of suing in court, you and Sprint agree to arbitrate all Disputes (as defined below) on an individual, non-representative, basis." (Doc. 55-1 at 10). The Agreement, by its own terms, requests to be "broadly interpreted." (*Id.*)

> 'Disputes' shall include, but are not limited to, any claims or controversies against each other related in any way to or arising out of in any way our Services or the Agreement . . . even if the claim arises after Services have terminated. . . . Disputes also include, but are not limited to, (i) claims in any way related to or arising out of any aspect of the relationship between you and Sprint, whether based in contract, tort, statute, fraud, misrepresentation, advertising claims or any other legal theory; (ii) claims that arose before this Agreement or out of a prior Agreement with Sprint; (iii) claims that are subject to ongoing litigation where you are not a party or class member; and/or (iv) claims that arise after the termination of this Agreement.

(*Id.*)

Given this broad language, the Court finds that the current dispute certainly arises

out of the relationship between Plaintiff and Sprint. As alleged, Sprint unlawfully acquired and accessed Plaintiff's phones. (Doc. 40 at 16–27). Therefore, because these claims relate to Plaintiff's relationship with Sprint, the Agreement encompasses all of Plaintiff's claims. *See Johnmohammadi*, 755 F.3d at 1074. Plaintiff's conclusory argument that his disputes are not encompassed fail to carry his burden to convince the Court otherwise. *See Green Tree*, 531 U.S. at 91 (party resisting arbitration bears burden to show dispute is not governed by arbitration agreement).

Although there is no dispute that the Agreement is valid, and although the Court has found the Agreement encompasses the claims, the Court cannot compel the parties to proceed with arbitration yet. By the Agreement's terms, Plaintiff and Sprint are required to resolve their disputes "through individual binding arbitration *or small claims court*, instead of courts of general jurisdiction." (Doc. 55-1 at 9) (emphasis added). Therefore, under the Agreement, Plaintiff may avoid arbitration, if he elects to bring his claim in small claims court.

In Arizona, small claims courts are courts of limited jurisdiction. They may not preside over actions seeking damages in an amount greater than $3,500. A.R.S. § 22-503. Given that Plaintiff has not sought a specific amount of damages, it is possible that Plaintiff may bring his claim in small claims court. Because that possibility exists, the Court cannot compel the parties to arbitrate this matter.

**IV. Conclusion**

It is clear that proceedings in this matter may not go forward by the terms of the Agreement. Therefore, the Court will order a stay of all discovery and proceedings unless the parties are otherwise ordered. The parties shall meet, confer, and file a notice with the Court no later than fourteen days after the day of this Order's entry explaining how the parties will proceed in this matter, whether that be by proceeding with arbitration or by removing this matter to small claims court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (Doc. 42) is

**denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel (Doc. 52) is **granted** in part.

**IT IS FINALLY ORDERED** that all discovery and other proceedings in this matter are hereby stayed. The parties shall meet and confer to discuss whether they will proceed with this matter through arbitration or through small claims court. The parties shall file a joint notice with the Court no later than fourteen (14) days after the date of this Order's entry indicating how the parties will proceed.

Dated this 10th day of November, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge