**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JaMarlin Fowler, | No. CV-20-01516-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Sprint Solutions Incorporated, | |
| Defendant. | |

Defendant Sprint Solutions, Inc ("Sprint") has filed an Application to Confirm Arbitration Award and Enter Judgment ("Application to Confirm Award") (Doc. 67). Plaintiff JaMarlin Fowler ("Plaintiff") did not file a response, and the time to do so has passed. LRCiv. 7.2(c).  Instead, Plaintiff filed a cross Application to Vacate Final Arbitration Award ("Application to Vacate") (Doc. 68).  Sprint filed a Response (Doc. 69) and Plaintiff filed a Reply (Doc. 70).  The Court must decide whether Plaintiff has identified grounds for vacating the Arbitration Award under the Federal Arbitration Act (9 U.S.C. § 1 et seq.) ("FAA").  For the following reasons, the Court grants Sprint's Application to Confirm Award, and denies Plaintiff's Application to Vacate.

**I.      Background**

This Order first provides a procedural overview of the case. It then summarizes the timeline of the related arbitration proceedings.

**A.      Procedural History**

This action concerns Plaintiff's ongoing allegations that Sprint illegally acquired

1
2
3
4
5

two of his phones.[1]  This is Plaintiff's third lawsuit regarding the matter.  Plaintiff previously filed two lawsuits in the Central District of California in August 2017 and April 2018, both of which were dismissed under Federal Rule of Civil Procedure 12.  *See Fowler v. Sprint PCS*, 8:17-cv-01436-JLS-DFM (C.D. Cal. 2017); *see also Fowler v. Sprint Spectrum L.P.*, 8:18-cv-00615-JLS-DFM (C.D. Cal. 2018).

6
7
8
9
10
11
12
13
14

Plaintiff filed his original Complaint (Doc. 1) in this Court and named T-Mobile, the Federal Trade Commission ("FTC"), the Federal Communications Commission ("FCC"), the state of Arizona, and the state of California as then defendants.  (*See generally* Doc. 1).  Plaintiff brought claims of copyright infringement, breach of contract, breach of fiduciary duty, conversion, breach of privacy, and fraud against T-Mobile, and claims of contributory copyright infringement against the FTC, the FCC, and the states of California and Arizona.  (Doc. 39 at 5).  The Court dismissed Plaintiff's original Complaint because the FTC, the FCC, and the states of California and Arizona were immune from suit, and the Court lacked personal jurisdiction over T-Mobile.  (*See generally* Doc. 39).

15
16
17
18
19
20

In his First Amended Complaint ("FAC") (Doc. 40), Plaintiff brought four causes of action against Sprint: (1) copyright infringement; (2) breach of fiduciary duty; (3) conversion; and (4) fraud.  (Doc. 40 at 15–27).  Plaintiff conceded he executed two contracts with Sprint that include an "Arbitration Agreement" (the "Agreement") (Doc. 55-1 at 9–10).  (Doc. 40 at 26).  However, Plaintiff argued the "arbitration clause should be set aside[.]"  (*Id.*)

21
22
23
24
25
26
27

The Court granted in part Sprint's Motion to Compel Arbitration (Doc. 52) on the basis of the Agreement.  (*See generally* Doc. 58).  The Court found (1) "there is no dispute that the Agreement is valid," and (2) "the Agreement encompasses the claims" brought by Plaintiff.  (*Id.* at 5).  Nonetheless, the Court could not compel the parties to proceed with arbitration at that juncture because "[b]y the Agreement's terms, Plaintiff and Sprint are required to resolve their disputes 'through individual binding arbitration *or small claims court*, instead of courts of general jurisdiction.'"  (*Id.* (quoting (Doc. 55-1 at 9))).  Thus,

28

[1] The Court's prior Orders contained extensive background information about Plaintiff's phones, which will not be repeated here.  (*See* Docs. 39 at 1–5; 58 at 1–2).

the Court stayed the case and ordered the parties to meet and confer as to whether they will proceed through arbitration or through small claims court. (*Id.* at 6).

## B.     The Parties' Arbitration Proceedings

The parties notified the Court that Plaintiff's claims would proceed through arbitration. (Doc. 59).  The Court ordered the parties to file joint-status updates every sixty (60) days regarding the arbitration proceedings.  (Doc. 61).  Below is a summary of the parties' joint-status updates in accordance with the Court's Order:

(1)     On January 12, 2022, Plaintiff filed an initial demand letter (the "Initial Demand") with the Judicial Arbitration and Mediation Services, Inc ("JAMS").  *See* JAMS Ref. No. 5220000265.  Plaintiff's Initial Demand identified the incorrect party.

(2)     On January 25, 2022, Plaintiff filed an amended demand letter (the "Amended Demand") identifying the correct party.

(3)     On February 2, 2022, Sprint filed its response to Plaintiff's Amended Demand, presumably in the form of a motion to dismiss.

(4)     On February 17, 2022, the parties agreed that Judge James Ware be appointed as arbitrator (the "Arbitrator"), as preferred by Plaintiff.

(5)     On April 5, 2022, the Arbitrator held an initial teleconference and set a briefing schedule for Sprint's motion to dismiss for failure to state a claim and for statute of limitations. The parties agreed that Sprint's motion to dismiss should be resolved prior to proceeding further with the arbitration.

(6)     On May 16, 2022, the Arbitrator held a teleconference hearing on the merits of Sprint's motion to dismiss .

(7)     On July 27, 2022, the Arbitrator issued the Final Award ("Final Award" or "Award") (Doc. 67-1).

(*See generally* Docs. 64; 65; 66; 67).

The Arbitrator found in favor of Sprint when issuing the Final Award.  Although Sprint did not prevail on its argument that Plaintiff failed to state a claim, the Arbitrator granted Sprint's dismissal because Plaintiff failed to timely submit the demand for arbitration. (Doc. 67-1 at 15–21).  Sprint now seeks an order from this Court that confirms

1  the Award and enters final judgment in this case.  Plaintiff, on the other hand, seeks to

2  vacate the Award.

3  **II.     Legal Standard**

4          The FAA provides district courts with jurisdiction to review arbitration awards.

5  9 U.S.C. §§ 9–12.  A party to an arbitration may apply to a district court for an order

6  confirming the arbitration award.  9 U.S.C. § 9.  To obtain confirmation of an award, the

7  FAA requires the moving party to file "(a) The agreement . . . . (2) The award . . . . [and]

8  (3) Each notice, affidavit, or other paper used to confirm, modify, or correct the

9  award . . . . " 9 U.S.C. § 13.  A court "must grant such an order unless the award is vacated,

10  modified, or corrected as prescribed in sections 10 and 11 of [the FAA]."  9 U.S.C. § 9;

11  *See Stafford v. Baart Behavioral Health Servs*., 855 F. App'x 426, 427 (9th Cir. 2021)

12  (granting an arbitration award because there were no grounds for vacatur).

13          The FAA authorizes a district court to vacate an arbitration award in the following

14  limited circumstances: "[1] where the award was procured by corruption, fraud, or undue

15  means; [2] where there was evidence of partiality or corruption in the arbitrators; [3] where

16  the arbitrators were guilty of misconduct or misbehavior; or [4] where the arbitrators

17  exceeded their powers or so imperfectly executed them that a mutual, final, and definite

18  award upon the subject matter submitted was not made."  *Stafford*, 855 F. App'x at 427

19  (citing 9 U.S.C. § 10(a)(1)–(4)) (internal quotations omitted).  "The burden of establishing

20  grounds for vacating an arbitration award is on the party seeking it."  *U.S. Life Ins. Co. v.*

21  *Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

22          A district court's review of an arbitration award is "both limited and highly

23  deferential."  *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009);

24  *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003)

25  (en banc) ("The Federal Arbitration Act, 9 U.S.C. §§ 1–16, enumerates limited grounds on

26  which a federal court may vacate, modify, or correct an arbitral award.").  Nonetheless, the

27  Ninth Circuit has held that "[a]lthough an arbitrator has great freedom in determining an

28  award, he may not dispense his own brand of industrial justice."  *Garvey v. Roberts*, 203

- 4 -

F.3d 580, 588–89 (9th Cir. 2000) (quoting *Pac. Motor Trucking Co. v. Auto. Machinists Union*, 702 F.2d 176, 177 (9th Cir. 1983)).

**III.    Discussion**

To determine whether to confirm or vacate the Award, the Court's analysis is limited to the vacatur grounds under 9 U.S.C. § 10(a)(1)–(4).  In dismissing Plaintiff's Amended Demand, the Arbitrator found that Plaintiff "ignored his rights and obligations to arbitrate. [Plaintiff] did not initiate arbitration within a reasonable period of time because for more than five years after his dispute with Sprint [] developed, [Plaintiff] continued to pursue his claims in civil court instead of submitting the claims to arbitration."  (Doc. 67-1 at 20).  Thus, the Arbitrator issued the Final Award in favor of Sprint.

Sprint argues the Award "contains a reasoned, facially plausible legal basis for entry of judgment" and so the Court should enter an Order confirming the Award under 9 U.S.C. § 9, and direct that judgment be entered on the Award with prejudice under to 9 U.S.C. § 13.  (Doc. 67 at 7).  Plaintiff opposes, appearing to contend the Award was procured by corruption or undue means under 9 U.S.C. § 10(a)(1).  (Doc. 68 at 7–8); (*see also* Doc. 70 at 6) ("My argument is not that the arbitrator himself is corrupt, but that the process itself is.").  Plaintiff further argues the award should be vacated because the Arbitrator exceeded his power under 9 U.S.C. § 10(a)(4).  (Doc. 68 at 9–11).  The Court will address each of Plaintiff's arguments in turn.

**A.    Whether an Award is Based on Corruption**

First, Plaintiff argues the Award was procured by corruption or undue means under 9 U.S.C. § 10(a)(1) because Sprint selected the arbitration forum and compensated the Arbitrator.  Plaintiff claims he "did not choose JAMS for arbitration, nor was he given an option to choose from.  JAMS was chosen by [Sprint]."  (Doc. 68 at 7).  Plaintiff emphasizes that Sprint "is the one that owned the stage that the performer was going to perform on and [Sprint] paid $31,000.00 to rent the performer and space."  (*Id.* at 8).  Defendants contend the Agreement itself states that Plaintiff could have either agreed to the JAMS rules or offered an alternative, and he did not exercise the latter choice.

(Doc. 69 at 2).

Plaintiff misrepresents the Arbitration Agreement's text.  The parties use of JAMS was in accordance with the "Arbitration Terms, Process, Rules and Procedures" section of the Agreement, which state:

> []Unless you and Sprint agree otherwise, the arbitration will be conducted by a single, neutral arbitrator and will take place in the county of the last billing address of the Service. The arbitration will be governed by either: (a) *rules that we mutually agree upon*; or (b) the JAMS Comprehensive Arbitration Rules & Procedures (the "JAMS Rules"), as modified by this agreement to arbitrate, including the rules about the filing, administration, discovery and arbitrator fees. The JAMS [R]ules are available on its website at jamsadr.com.[2]

(Doc. 55-1 at 10) (emphasis added).

Plaintiff incorrectly alleges that use of the JAMS Rules for arbitration "was already elected in the contract by Sprint."[3]  (Doc. 70 at 4).  As argued by Defendant, the Agreement provides the JAMS Rules serve as the default arbitration forum absent a substitute arrangement by the parties.  Plaintiff was thus allowed to propose a set of dispute resolution rules to abide by apart from the JAMS Rules.  However, Plaintiff does not claim to have proposed any alternative rules, and so the parties defaulted to using the JAMS Rules under the Agreement.

In his Reply, Plaintiff further argues arbitration should have been governed by "rules [the parties] mutually agree upon . . . and this did not happen.  The rules used were rules that Arbitrator Ware came up with after the hearing and spoke to neither party about prior." (*Id*.)  As mentioned, Plaintiff does not claim to have proposed any alternative rules, even though he could have under the Agreement.  Nor does Plaintiff provide evidence of any alternative rules the parties mutually agreed upon.  The JAMS Rules governed the arbitration in accordance with the "Arbitration Terms, Process, Rules and Procedures"

---

[2] To access the JAMS Rules specifically, see <https://www.jamsadr.com/rules-comprehensive-arbitration/>.

[3] Plaintiff also appears to dispute the validity of the Arbitration Agreement as a "boilerplate contract" for the first time in his Reply.  (Doc. 70 at 3).  The Court will not entertain these arguments as they are moot.

1   section of the Agreement.  The Court therefore rejects Plaintiff's argument that the Award

2   was procured by corruption or undue means because the parties' used JAMS.

3         Last, Plaintiff does not provide any evidence proving the sum or manner in which

4   the Arbitrator was compensated.  And even if Sprint did compensate the Arbitrator, the

5   Agreement provides that "Sprint will pay for any filing or case management fees associated

6   with the arbitration and the professional fees for the arbitrator's services."  (Doc. 55-1

7   at 10).  Thus, Sprint's compensation of the Arbitrator would be in accordance with the

8   Agreement.  The Court therefore rejects Plaintiff's argument that the Award was procured

9   by corruption or undue means because of the Arbitrator's means of compensation.

10        **B.     Whether an Arbitrator Exceeds their Power**

11        Plaintiff's second argument is the Court should vacate the Award because the

12   Arbitrator exceeded his powers under 9 U.S.C. § 10(a)(4).  Arbitrators "exceed their

13   powers" when the resulting award is "completely irrational" or in "manifest disregard of

14   the law."  *Comedy Club*, 553 F.3d at 1288.  Manifest disregard of the law means that "the

15   arbitrators recognized the applicable law and then ignored it."  *Luong v. Circuit City Stores,*

16   *Inc.*, 368 F.3d 1109, 1112 (9th Cir. 2004).  "These grounds afford an extremely limited

17   review authority, a limitation that is designed to preserve due process but not to permit

18   unnecessary public intrusion into private arbitration procedures."  *Kyocera Corp.*, 341 F.3d

19   at 997. "[Section] 10 of the FAA provides no authorization for a merits review."  *Biller v.*

20   *Toyota Motor Corp.*, 668 F.3d 655, 664 (9th Cir. 2012).  "Neither erroneous legal

21   conclusions nor unsubstantiated factual findings justify federal court review of an arbitral

22   award."  *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009).

23        Plaintiff argues the Arbitrator exceeded his authority in three ways.  First, Plaintiff

24   claims the Arbitrator "rendered a decision outside of the scope of what the Parties asked

25   him to do" because, according to Plaintiff, Sprint never argues that arbitration was untimely

26   in its motion to dismiss.  (Doc. 68 at 8–9).  Rather, Plaintiff claims the parties were in

27   dispute over the timeliness of the claims, not the timeliness of the arbitration.  (*Id*. at 10).

28        In making these arguments, Plaintiff does not cite to the record or the parties'

1    briefings, nor does he cite to any of the Arbitrator's findings of fact and conclusions of law.
2    Plaintiff's claim that the Arbitrator misunderstood the parties' arguments are insufficient
3    to meet the extremely high burden to prove an arbitrator disregarded the law. *See Bosack*,
4    586 F.3d at 1104 ("Arbitrators are not required to set forth their reasoning supporting an
5    award.  An arbitrators' 'award may be made without explanation of their reasons and
6    without a complete record of their proceedings.'  'If they choose not to do so, it is all but
7    impossible to determine whether they acted with manifest disregard for the law.'")
8    (citations omitted).

9        Second, Plaintiff generally argues the arbitration was not carried out in accordance
10   with federal and state law.  (Doc. 68 at 10-11).  Plaintiff does not cite to any specific statutes
11   or cases that the Arbitrator supposedly disregarded, nor does he cite to any part of the Final
12   Award to prove so.  Plaintiff's blanket assertion that "the Parties have been operating under
13   state and federal law the entire time, and Arbitrator Ware disregarded all of that" is likewise
14   insufficient to prove an arbitrator disregarded the law.  *See Bosack*, 586 F.3d at 1104.

15       Plaintiff also makes a factual challenge to the Arbitrator's use of July 15, 2021, as
16   the "cut off date" to determine whether Plaintiff initiated arbitration within a reasonable
17   amount of time thereafter under California law.  (Doc. 68 at 11) ("[On July 15, 2021],
18   Plaintiff was in this very Court **contesting** the merits of the arbitration clause . . . . Once
19   the Court ruled that the Parties arbitrate, Plaintiff initiated arbitration within a 'reasonable'
20   time.").  But the Ninth Circuit has "repeatedly held that an award may not be vacated even
21   where there is a clearly erroneous finding of fact." *See Bosack*, 586 F.3d at 1104; *see also*
22   *Kyocera*, 341 F.3d at 1003 ("The risk that arbitrators may . . . make errors with respect to
23   the evidence on which they base their rulings[ ] is a risk that every party to arbitration
24   assumes, and such . . . factual errors lie far outside the category of conduct embraced by
25   § 10(a)(4).").

26       Here, the Arbitrator explained he used July 15, 2021, for the purpose of determining
27   reasonableness because that was "the date [Plaintiff] filed the Arizona action against Sprint
28   [.]"  The Arbitrator further justified his use of the date, finding he "need not address

[Plaintiff's] vague 'discovery rule' assertion" and that Plaintiff's "'equitable tolling' [argument was] inapplicable [] because it is a 'judicially created' doctrine that is applicable for "actions" filed in civil court." (*Id*. at 20 n.13). There is no evidence that the Arbitrator's finding was erroneous. And even if it was, Plaintiff cannot show the Arbitrator exceeded his powers in applying this factual finding. *See Bosack*, 586 F.3d at 1104; *see also Kyocera*, 341 F.3d at 1003.

Last, the Plaintiff argues the Arbitrator did not abide by the JAMS Rules because he took sixty (60) days to render a Final Award instead of the required thirty (30) days. (Doc. 68 at 10). The JAMS Rules indeed provide that "The Arbitrator shall render a Final Award or a Partial Final Award within thirty (30) calendar days after the date of the close of the Hearing[.]" *See* JAMS, *JAMS Comprehensive Arbitration Rules & Procedures: Rule 24. Awards*, https://www.jamsadr.com/rules-comprehensive-arbitration/ (last visited Feb. 2, 2023). However, this is a procedural rule that does not affect the substantive outcome of the Award. Plaintiff does not explain how the Arbitrator's delay resulted in an award that is "completely irrational" or in "manifest disregard of the law." *Comedy Club*, 553 F.3d at 1288. Therefore, Plaintiff cannot show the Arbitrator exceeded his powers issuing the Award thirty days late.

## IV.   Conclusion

In sum, Plaintiff has not identified a limited circumstance under the FAA that authorizes the Court to vacate the Award. *See* 9 U.S.C. § 10(a)(1)–(4). The Court must therefore grant Defendant's Petition for Confirmation of Arbitration Award under 9 U.S.C. § 9. *See Stafford*, 855 F. App'x at 427.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sprint Solutions, Inc's Application to Confirm Arbitration Award and Enter Judgment (Doc. 67) is **GRANTED**. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**. The Clerk of the Court is kindly directed to enter judgment on the Final Award (Doc. 67-1) in favor of Sprint and against Plaintiff **with prejudice** under 9 U.S.C. § 13.

**IT IS FURTHER ORDERED** that Plaintiff JaMarlin Fowler's Application to Vacate Final Arbitration Award (Doc. 68) is **DENIED**.

Dated this 21st day of February, 2023.

Honorable Diane J. Humetewa
United States District Judge